JERUSHA FOSTER

*v.*

STATE OF ILLINOIS.

*Opinion filed January 19, 1921.*

RESPONDEAT SUPERIOR—*doctrine not applicable to the State.* The doctrine of *Respondeat Superior* is not applicable to the State, and it is not liable for injuries sustained by its employees while in the performance of their duty.

PENSION—*no statutory authority for allowance of pension.* There is no statutory authority for the allowance to a claimant, by the Court of Claims, a pension for life.

SOCIAL JUSTICE AND EQUITY—*recommending an allowance.* Where the circumstances and facts warrant the Court will recommend to the Legislature and appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

The claimant, on May 11, 1919, while employed by the State of Illinois as night attendant at the State Hospital for the Insane at Elgin, and while giving one of the patients a bath in said hospital, slipped upon the wet floor and fell heavily and sustained a fracture of the left femur, which is generally known as a broken hip. She remained in said hospital in bed until September 3, 1919, when she was taken to the Sherman hospital, a private institution in Elgin, where she was operated upon by one of the leading surgeons of the city of Elgin. After said operation. she returned to the State hospital and remained in bed for eight weeks, when she again returned to said Sherman hospital for about twenty-five days, after which she again returned to the State hospital. She was confined in her room and remained out of employment until March 22, 1920, when the State gave her minor employment marking patients' clothing, and she is so employed at the present time.

At the time she was injured, she was receiving $35.00 per month, with board, laundry, maintenance and medical attention, but she is now receiving $47.00 per month, with board, room, maintenance and medical attention. She was forty-four years old in November, 1920. She has expended for hospital and physicians' bills in said Sherman hospital, a total of $199.00. Two operations have been performed, both of which have been unsuccessful, and the opinion of the superintendent of the State hospital, as shown by the testimony in this case, and of another physician in charge of said State hospital is that the injury is permanent and that claimant will never recover the use of her limb, and that she will be compelled to go on crutches and will never be able to obtain outside employment.

Claimant is without means of livlihood, and has no relatives upon whom she can rely for support.

The Attorney General has filed a demurrer, stating that there is no dispute about the facts in this case, as above mentioned, and stated in the brief and argument filed by claimant, but claiming that the State is not liable because the doctrine of *respondeat superior* does not apply to the State, and that the State of Illinois, in conducting the Insane Asylum at Elgin is exercising a governmental function and is not liable for the injuries of inmates and those it employs.

This contention has been repeatedly sustained by this Court in previous decisions, and in opinions filed at this term, and a further citation of authorities is unnecessary.

Claimant asks for compensation and also for a pension for life, but this Court does not know of any law which would authorize it to award a pension for life, and no authority for such an award has been cited to this Court by the attorneys for claimant in their brief.

This claim is therefore rejected.

The Court, however, feels that even though the State is not liable to claimant, as an act of social justice and equity some compensation should be made to claimant for injuries, under the circumstances of this case.

The Court therefore recommends to the Legislature an appropriation to the claimant of the sum of two thousand dollars ($2,000.00).